# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF MISSOURI
# WESTERN DIVISION

| | | |
|---|---|---|
| FABRI-QUILT, INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 4:16-cv-00240-DGK |
| | ) | |
| CHARLES C. MALITZ, III, | ) | |
| CAROL E. MALITZ, and | ) | |
| WESTERN IM-EX COMPANIES, | ) | |
| INCORPORATED, | ) | |
| | ) | |
| Defendants. | ) | |

## ORDER GRANTING DEFAULT JUDGMENT

This case arises from a business deal gone bad. Plaintiff Fabri-Quilt, Inc. entered into an agreement with Defendants under which Plaintiff would purchase large quantities of fabric to be sold to Defendants' customers. After Plaintiff purchased the fabric, Defendants did not keep their end of the bargain. Plaintiff sued Defendants for fraudulent misrepresentation (Count I), negligent misrepresentation (Count II), and breach of contract (Count III).

Now before the Court is Plaintiff's Restated Motion for Default Judgment (Doc. 33). For the reasons below, the motion is GRANTED IN PART and judgment is awarded against the Defendants jointly and severally in the amount of $498,194.22.

**Standard of Review**

Once a defendant is in default, a court may enter a default judgment against that party. Fed. R. Civ. P. 55(b)(2). Upon default, a court takes as true all factual allegations in the complaint except those relating to the amount of damages. *Murray v. Lene,* 595 F.3d 868, 871 (8th Cir. 2010); *see* Fed. R. Civ. P. 8(b)(6). In deciding damages, the court makes factual

findings from the movant's allegations in the record. *See Stephenson v. El-Batrawi,* 524 F.3d 907, 916 (8th Cir. 2008).

## Discussion

The Court previously entered default against Defendants (Doc. 32). Based on the existing record, including the Complaint (Doc. 1) and an affidavit (Doc. 31-1) from Barry Oltsik, Plaintiff's vice-president, the Court finds none of the Defendants is a minor or an incompetent person, and that none have been in the military services during this litigation. Defendants have, however, failed to plead or otherwise defend as required by the Federal Rules of Civil Procedure.

As for damages, although it is somewhat unclear, it appears Plaintiff is requesting actual damages of $498,194.22 on Count One and $148,801.80[1] on Count Three. A review of the Complaint indicates that the damages claimed in Count Three are duplicative of those in Count One, and so awarding the damages on Count Three would constitute a double recovery, which is impermissible. *See, e.g., Kincaid Enters., Inc. v. Porter*, 812 S.W.2d 892, 900-01 (Mo. Ct. App. 1991) (noting the damages for fraudulent inducement and breach of contract can be the same and merge). Consequently, despite prevailing on all three claims, Plaintiff may recover only $498,194.22 in damages.

## Conclusion

For the foregoing reasons, Plaintiff's motion is GRANTED IN PART. The Court enters a FINAL JUDGMENT against Defendants Western IM-EX Companies, Incorporated; Charles C. Malitz, III; and Carol E. Malitz jointly and severally in the amount of $498,194.22. The Court also taxes as costs against Defendants $1,906.73 for filing fees and service costs. Finally, the

---

[1] $87,875.90 plus $60,925.90 equals $148,801.80.

Court holds Plaintiff is entitled to post-judgment interest in the amount set forth under 28 U.S.C. § 1961(a).

**IT IS SO ORDERED.**

Dated: June 20, 2017     /s/ Greg Kays
　　　　　　　　　　　　　　　GREG KAYS, CHIEF JUDGE
　　　　　　　　　　　　　　　UNITED STATES DISTRICT COURT